

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 23, 1967

Honorable Dempsie Henley
Chairman
Texas Commission for Indian Affairs
Livingston, Texas

Opinion No. M-44

Re: Whether the Alabama-Coushatta
Indian Reservation-Tribal
Council, with the consent of
the Texas Commission for
Indian Affairs has the author-
ity under Art. 5421z, V.C.S.,
to borrow money from a bank
for the purposes stated and
to execute security for the
loan on the chattels to be
purchased with the borrowed
money.

Dear Mr. Henley:

Your letter of March 8, 1967, requesting an opinion
of this office reads, in part, as follows:

"The Alabama-Coushatta Indian Reservation-
Tribal Council proposes to borrow the sum of
$125,000.00 with interest at 6% from The First
National Bank of Livingston, Texas, payable
and conditioned as set out in the copy of such
note attached hereto as attachment No. 1. This
note will be a participation loan between such
bank, joined by two other local banks, and
guaranteed to the extent of 71.2% by the Small
Business Administration, an agency of the
Federal Government. The proceeds of the loan
will be used for the purposes indicated in at-
tachments No. 2 and No. 3 hereto.

- 208 -

Hon. Dempsie Henley, page 2 (M-44)

"Question:  Does the Alabama-Coushatta Indian Reservation-Tribal Council, with the consent of the Texas Commission for Indian Affairs, have the authority to borrow such sum of money for such purposes and to execute such proposed note on behalf of the Alabama and Coushatta Tribes of Texas as provided in Article 5421z, Section 13?

"It is further proposed that such loan be secured in part by a security agreement upon chattel property being purchased and paid for with such funds for use as improvements on the Reservation in an attempt to earn revenues for the Tribe, a copy of the security agreement being attached hereto as attachment No. 4.

"Question:  Does the Alabama-Coushatta Indian Reservation-Tribal Council have authority to execute security agreements and other mortgage instruments upon personal property and chattels to be purchased by such Alabama-Coushatta Indian Reservation-Tribal Council and used upon the Reservation for improvements and economic development of such Reservation?

". . ."

Section 13 of Article 5421z, Vernon's Civil Statutes, provides as follows:

"Sec. 13.  Subject to the written approval of the Commission, the Tribal Council may issue revenue bonds <u>or any other evidence of indebtedness, in order to finance the construction of improvements on the Reservation</u> and for the purchase of additional lands necessary therefor or <u>for improvement of the income and economic conditions of the Reservation.</u> The bonds or <u>other evidences of indebtedness may be secured by the income from one or more revenue-producing properties, interests, or</u>

> facilities of the 3,071-acre tract of land
> which is held in trust by the State of Texas
> for the benefit of the Indians of the Alabama
> and Coushatta Tribes under the authority of
> Public Law 627, Acts of the 83rd Congress,
> 1954, 68 Stat. 768, 25 U.S.C.A., Sections
> 721 et seq." (Emphasis added.)

In answer to your first question, it is the opinion of this office that Section 13 of Article 5421z, Vernon's Civil Statutes, authorizes the Tribal Council, subject to the written approval of the Commission, whose primary responsibility is the development of the Reservation, to execute a note for the purpose of improving the income and economic conditions of the Reservation.

However, no note or other evidence of indebtedness issued by the Tribal Council shall be construed as creating a debt against the State. Therefore, any such evidence of indebtedness issued by the Tribal Council should have incorporated within the instrument the underscored wording of Section 21 of Article 5421z, Vernon's Civil Statutes, which reads as follows:

> "Sec. 21. No obligation created by a contract, bond, note, or other evidence of indebtedness issued by the Tribal Council under this Act shall be construed as creating a debt against the State; and every such contract, bond, note, or other evidence of indebtedness shall contain this clause: 'The holder hereof shall never have the right to demand payment of this obligation out of any funds raised or to be raised by taxation.'" (Underscoring added.)

In answer to your second question, it is the opinion of this office that under the stated factual situation, the Tribal Council has the authority to execute the aforementioned security agreement involving personal property and chattels to be purchased by the Tribal Council and used in development of the Reservation.

### SUMMARY

The Alabama-Coushatta Indian Reservation-Tribal Council, with the consent of the Texas Commission for Indian Affairs, has the authority by virtue of the provisions of Section 13 of Article 5421z, V.C.S., to borrow money from a bank for the purposes stated. The Tribal Council has the authority to execute a security agreement for the loan on chattels to be purchased by the Tribal Council and used upon the Reservation to further its improvement and development.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Alan Minter
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
John Reeves
Wade Anderson
Z. T. Fortescue

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.